UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JAMES GLENN DAVIDSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 7:13-CV-52 |
| | § | |
| ALLSTATE TEXAS LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

On February 4, 2013, Allstate Texas Lloyds and Kenneth Wayne Davis ("Defendants") filed a notice of removal.[1] Although the record indicates that Kenneth Wayne Davis was not served in state court,[2] he voluntarily appeared in this case by filing the notice of removal.

**The notice of removal is incredibly sloppy**. Although there are two defendants in this case, the notice of removal at one point stated that "Petitioner is the **Defendant**[,]" but later stated that "**Defendants** are diverse in citizenship from the Plaintiff," and then stated "Allstate Texas Lloyds, the **Defendant** . . . ."[3] Counsel apparently does not appreciate the difference between a single defendant and multiple defendants. Furthermore, the errors in the notice of removal are not merely typographical. For example, Defendants asserted that this Court has jurisdiction based on 28 U.S.C. § 1332, but they failed to specifically set forth Kenneth Wayne Davis's state of citizenship even though they specifically addressed the citizenship of Plaintiff and Allstate Texas Lloyds. This omission is particularly egregious because the attached state

---

[1] Dkt. No. 1.
[2] Dkt. No. 1-8.
[3] Dkt. No. 1 (emphasis added).

court petition states that "Kenneth Wayne Davis is a Texas resident[.]"[4] That statement in the state court petition strongly indicates that the parties are not completely diverse. This is problematic for Defendants because "[t]he removing part[ies] bear[] the burden of showing that federal jurisdiction exists and that removal was proper."[5] Additionally, Defendants not only failed to set forth Kenneth Wayne Davis's citizenship, but they also failed to advance a theory (such as improper joinder) which might permit the Court to disregard his citizenship. Defendants have simply ignored a glaring jurisdictional issue which appears on the face of the state court petition.

In short, Defendants have utterly failed to meet their burden of showing that federal jurisdiction exists and that removal was proper. Therefore, the Court **REMANDS** this case to the 430th District Court in Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 22nd day of February, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[4] Dkt. No. 1-5.
[5] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).